**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

FEB 2 2 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| SUNTRUST BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:11-cv-343 |
| | ) |
| MOHSEN MOSLEHI NIK, *et al.*, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is SunTrust Bank's ("SunTrust") unopposed Motion for Summary Judgment (Dkt. No. 44). As will be reflected in the subsequent Order, Plaintiff's Motion for Summary Judgment is GRANTED.

### I.    Background

Plaintiff alleges that Defendant Mohsen Moslehi Nik or Nik, Inc. (hereinafter individual defendant "Mr. Nik," corporate defendant "Nik Inc.," collectively "Defendant") wrongfully used international shipping documents from SunTrust to import shipments of rugs into the United States from two companies in Pakistan. SunTrust alleges that the Defendant improperly designated SunTrust as the consignee on the shipping documents for the rugs without tendering the required payment. Subsequently, Defendant breached his contracts with the Pakistani rug dealers, and as a result, SunTrust paid the two dealers a combined total of $204,585.85 to satisfy and settle the contract claims. SunTrust now seeks to recover this payment from the Defendants.

### II.    Rule of Law

The Federal Rules of Civil Procedure dictate that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

1

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

### III.   Analysis

#### a.  Action upon a Contract and Breach of Contract

The Defendant breached his contractual duty to pay the Pakistani rug dealers for the shipments he imported into the United States. SunTrust satisfied Defendant's contractual obligations in full via settlement and complete satisfaction of the underlying debts. SunTrust now seeks full indemnification as a subrogee to Defendant's contracts with the rug dealers.

In addition, no material facts as to the breach of contract claims are in dispute. Defendant owed money to the rug dealers and now owes that money to SunTrust. Defendant has expressed no intention to pay these obligations. Defendant breached his contractual duty and is liable to SunTrust for $204,585.85 in damages.

#### b.  Mr. Mohsen Nik's Personal Liability

Mr. Nik is also personally liable for Nik, Inc's corporate liabilities. First and foremost, Mr. Nik transacted business in Virginia under the name Nik, Inc. with the knowledge that the entity's certificate of corporate status in Virginia had expired. Pursuant to Va. Code § 13.1-622, Mr. Nik is personally liable. *See* § 13.1-622 ("All persons purporting to act as or on behalf of a corporation, knowing there was no incorporation under this chapter, are jointly and severally liable for all liabilities created while so acting except for any liability to any person who also knew that there was no incorporation.").

Mr. Nik is also personally liable because the corporations[1] at issues are merely alter egos of Mr. Nik. Although individuals are typically shielded from corporate debts under the protection of the corporate veil, where the corporate structure is disregarded, the Court may pierce the veil

---

[1] As discussed *infra* in Part III.c., Mr. Nik transferred all the assets of Nik, Inc. to Nik II, Inc.

and impose personal liability. *See Cheatle v. Rudd's Swimming Pool Supply Co.*, 360 S.E.2d 828, 831 (Va. 1987). Veil piercing is appropriate both when the corporate form amounts to constructive fraud and when the corporate form is merely an alter ego of the shareholder. *Id.* Here we have a corporation with no corporate records, that purchased merchandise and failed to pay for it, and that has expressed no intent to pay for its obligations. The corporate form will not serve as a means to protect such objectionable behavior. Mr. Nik is personally liable for the corporate liabilities.

### c.   Nik II, Inc.'s Successor Liability

Nik II, Inc. ("Nik II") is also liable for the debts and obligations of its predecessor, Nik I. Typically when a corporation purchases only assets from a seller corporation, the purchasing corporation does not assume the liabilities of the seller corporation. There are a number of exceptions to this general rule, however, two of which are relevant here. A successor corporation will assume the debts and obligations of its predecessor when the successor is a "mere continuation" of the predecessor, and also when the transaction is fraudulent in fact.

In determining whether a successor corporation is a mere continuation of its predecessor, a court should consider (1) the common identity of the officers, directors, and stockholders of the two corporations, *see Harris v. T.I., Inc.*, 413 S.E.2d 605, 609 (Va. 1992); (2) whether the successor entity "continues in the same business as its predecessor;" (3) if only one corporation remains instead of two; and (4) whether the predecessor's assets are transferred for "less than adequate consideration." *Kaiser Found. Health Plan of Mid-Atl. States v. Clary & Moore, P.C.*, 123 F.3d 201, 205 (4th Cir. 1997).

Here, (1) Mr. Nik is the sole officer of both Nik, Inc. and Nik II; (2) the business model is largely the same import/sale of rugs model; (3) only Nik II remains and Nik, Inc. is no longer a corporation in good standing in Virginia; (4) given the identical ownership and lack of bank

3

records, it is unlikely that the transfer of assets between the two corporations was arm's-length. Based on the facts before the Court, Nik II is indisputably a continuation of Nik, Inc.

In addition, a transaction is fraudulent in fact when it is made in an attempt to avoid debts and liabilities. Every transfer given with the intent to defraud creditors or other persons from what they are lawfully entitled to is void. *Nat'l Am. Ins. Co.v. Ruppert Landscaping Co.*, 25 F. App'x. 116, 121 (4th Cir. 2001). "To allow [a corporation] to escape liability for its obligations simply by changing its corporate name . . . would amount to a fraud on its creditors." *Health & Racquet Club, Inc. v. Fitness Today of Charlottesville*, 29 Va. Cir. 61, 69 (1992). Nik II's incorporation came at a time when Nik, Inc. was insolvent and was also liable for the pending obligations that are the subject of the present cause of action. Defendant may not escape liability simply by changing its name.

Consequently, Nik II is jointly and severally liable as a successor corporation for the judgment against Nik, Inc. and Mr. Nik.

### IV.    Conclusion

Plaintiff's Motion for Summary Judgment (Dkt. No. 44) is GRANTED. Defendants Mr. Nik, Nik, Inc., and Nik II are jointly and severally liable to Plaintiff SunTrust in the amount of $204,585.85.

Plaintiff represented at oral argument that it did not wish to move forward on its claim for fraud in Count II of the Complaint. In an abundance of caution, the Court will DISMISS Count II with prejudice in 30 days, absent further notice from Plaintiff.

An appropriate Order shall issue.

/s/

Liam O'Grady
United States District Judge

February 22, 2012
Alexandria, Virginia

4